IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DWAYNE DAVIS and JEDA AUSTIN, individually,**<br><br>Plaintiffs,<br><br>vs.<br><br>**ESSEX COUNTY,**<br><br>Defendant. | Civil Action No.<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs, DWAYNE DAVIS ("DAVIS") and JEDA AUSTIN ("AUSTIN"), and any additional similarly situated employees who may join this action ("Plaintiffs"), by and through their attorneys, Jaffe Glenn Law Group, P.A., upon personal knowledge as to themselves and upon information and belief as to other matters, bring this Collective Action Complaint against Defendant, ESSEX COUNTY, and state:

## INTRODUCTION

1. Plaintiffs bring this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), on behalf of themselves and all other persons similarly situated who suffered damages as a result of Defendant's violations of the FLSA and the laws of the State of New Jersey.

2. During the relevant time periods, Defendant willfully violated the FLSA and applicable state laws by failing to pay Plaintiffs and all other similarly situated employees for all of their overtime hours worked based upon their unlawful policies and practices, as more fully described herein.

3. Specifically, while Defendant paid Plaintiffs and the similarly situated employees

1

for *some* of their overtime hours worked, they failed to pay Plaintiffs and others similarly situated for *all* overtime hours worked.

4. Defendant's failure to pay for *all* overtime hours worked was and is based upon Defendant's failure to credit Plaintiffs and other similarly situated employees for all of their hours worked at the beginning of their shifts and at the end of their shifts.

5. Plaintiffs have retained the law offices of Jaffe Glenn Law Group P.A., to represent them in this matter.

## THE PARTIES

*Plaintiffs*

6. Plaintiffs, DAVIS and AUSTIN, work for Defendant as a non-exempt Corrections Officers, along with approximately 175 corrections officers.

7. DAVIS has worked for Defendant as a non-exempt Correction Officer since September 1989, and currently still works for Defendant.

8. AUSTIN has worked for Defendant as a non-exempt Correction Officer since January 2002, and currently still works for Defendant.

9. DAVIS and AUSTIN perform their duties as Correction Officers at Defendant's Essex County Juvenile Detention Center ("Juvenile Detention"), located at 80 Duryea Street, Newark, New Jersey, which is Defendant's county seat.

10. Defendant ESSEX COUNTY is charged with operation of the Juvenile Detention Center.

11. As Correction Officers employed by Defendant, Plaintiffs were responsible, among other things, for the safety and security of approximately 300 inmates housed at the Juvenile Detention Center.

12. Plaintiffs, DAVIS and AUSTIN, also bring this action on behalf of themselves and all similarly situated current and former Correction Officers who worked for violations of the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56a *et seq*.

*Defendant*

13. Defendant, ESSEX COUNTY, is a county located in the State of New Jersey. Defendant ESSEX COUNTY accomplishes its mission by providing 24 hour-a-day coverage to its inmates, including the operation of the Juvenile Detention Center.

14. At all times relevant to this Collective Action Complaint, Defendant was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.§ 1331, 1332, and 1367, and by 29 U.S.C. § 201, *et. seq*.

16. Further, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts.

17. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

18. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant is subject to personal jurisdiction in this District. At all times material hereto, Plaintiffs performed work for the benefit of Defendant in the District.

19. At all times pertinent to this Collective Action Complaint, Defendant was an

enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

20. Throughout the relevant period, Defendant employed Plaintiffs and similarly situated Correction Officers within the meaning of the FLSA and NJWHL.

21. Defendant is a covered employer within the meaning of the FLSA and NJWHL, and at all times relevant, employed Plaintiffs and the similarly situated employees.

## FACTS COMMON TO ALL CLAIMS

22. All of the named Plaintiffs and most of the Opt-In Plaintiffs to date are current employees. Accordingly, the violations described herein relate back to the three years preceding the filing of this action; in addition, these are violations which continue to affect the Plaintiffs and similarly situated non-exempt Correction Officers.

23. For purposes of the FLSA claims, the Asserted Class is defined as follows:

> All non-exempt Correction Officers employed by Defendant at the juvenile detention center who have not been paid for all overtime hours worked.

24. Throughout their employment with Defendant, Plaintiffs and the members of the Asserted Class worked and continue to work more than 40 hours per week nearly every workweek that they have not used and do not use an amount of vacation time, sick time, or other paid time off which would cause their hours actually worked to be 40 or less in a work week.

25. Additionally, at least 3-4 times per year all correctional officers were required to work a 7 day work week, working well in excess of 40 hours in a workweek, yet the correctional officers were not paid time and one half their regular rate for the hours worked in excess of forty in the workweek.

26. Defendant is aware that Plaintiffs and the Asserted Class members work and

worked more than 40 hours per workweek nearly every workweek, and worked the 7 day work weeks, yet Defendant has failed and continue to fails to pay them all of their overtime compensation by failing to credit them for all of the hours they work over 40 in a workweek, through the violations described herein.

27. Defendant maintains time records for Plaintiffs and the Asserted Class in the same manner.

28. At all times relevant to this Complaint, Defendant utilized the Kronos time management system for the Asserted Class.

29. Defendant's Kronos system failed to credit Plaintiffs and the Asserted Class members for all their overtime hours worked by failing to credit Plaintiffs and the Asserted Class for the hours worked prior to and after their scheduled time; Defendant rounded off the Kronos time records so that Plaintiffs and all other similarly situated correctional officers were not paid for all time they worked.

30. More specifically, at the beginning of the shift, the Kronos system would not credit Plaintiffs and the Asserted Class for the actual time they clocked in and worked. Instead, when Plaintiffs and the Asserted Class clocked in before their scheduled shift time and started working, the Kronos system failed to credit them for some or all of their actual time. At the end of the shift, the Kronos system would not credit Plaintiffs and the Asserted Class for some or all of their actual time worked after their scheduled time.

31. This violation, pursuant to which Plaintiffs and the Asserted Class members were credited for their *scheduled* start and stop times, deprived Plaintiffs and the Asserted Class compensation for all of their hours *actually* worked, including and most significantly, all of their overtime hours worked.

32. While Defendant did pay Plaintiffs and the Asserted Class for *some* overtime hours worked, they failed to pay for *all* overtime hours worked, based upon the Kronos rounding Violation, by which Defendant failed to credit Plaintiffs and the Asserted Class for all of their actual hours worked and instead have credited and continue to credit Plaintiffs and the Asserted Class primarily for their scheduled – as opposed to *actual* -- hours.

33. Additionally, Plaintiffs and all similarly situated correctional officers were not paid for the overtime hours that they worked during their 7 day work weeks each year.

## **FLSA COLLECTIVE ACTION FACTS**

34. Plaintiffs bring the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and the Asserted Class who worked for Defendant, on or after February 11, 2011, and who elect to opt-in to this action (the "FLSA Collective").

35. All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

36. For instance, typical work performed before and after the scheduled shift time included but is not limited to, house counts, key counts, sharp counts and other paperwork.

37. Additionally, the hours worked in excess of forty in the 7 day workweeks were not paid properly and there can be no reasonable explanation for same.

38. Defendant accepted the benefit of all of the work performed by Plaintiffs and the Asserted Class, including that work performed during the 7 day workweeks, as well as work performed before and after their scheduled shift for which they were not credited.

39. As part of its regular business policy and practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with

6

respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

      a. willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for all of the hours that they worked in excess of 40 hours per workweek; and

      b. willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the predominant benefit of Defendant.

40. Defendant was and is aware or should be aware that federal law required them to pay Plaintiffs and members of the FLSA Collective, an overtime premium for all hours worked in excess of 40 per workweek.

41. Defendant's unlawful conduct has been widespread, repeated, consistent, and willful.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

42. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

43. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

44. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

45. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

46. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to

Defendant.

47. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48. At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

49. Defendant has failed to pay Plaintiffs and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

50. Defendant's Violations, as described in this Collective Action Complaint, have been willful and intentional. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

51. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

52. As a result of Defendant's willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

53. As a result of the unlawful acts of Defendant, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### NJWHL – Unpaid Overtime Wages
**(Brought on behalf of the Plaintiffs and the New Jersey Class)**

54. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

55. Defendant has engaged in a widespread pattern, policy, or practice of violating the NJWHL, as detailed in this Collective Action Complaint.

56. At all times relevant, the Plaintiffs and the members of the New Jersey Class have been employees and Defendant has been employers within the meaning of the NJWHL. The Plaintiffs and the members of the New Jersey Class are covered by the NJWHL.

57. Defendant employed the Plaintiffs and the New Jersey Class members as an employer.

58. Defendant failed to pay the Plaintiffs and the members of the New Jersey Class wages to which they are entitled under the NJWHL. Defendant failed to pay the Plaintiffs for all hours worked. Defendant failed to pay the Plaintiffs and the members of the New Jersey Class for overtime at a wage rate of one and one-half times their regular rate of pay. Defendant failed to pay the Plaintiffs and the New Jersey Class members overtime at wage rate of one and one-half times the basic minimum hourly rate.

59. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Plaintiffs and the New Jersey Class members.

60. Defendant's violations of the NJWHL, as described in this Collective Action Complaint, have been willful and intentional.

61. Due to Defendant's violations of the NJWHL, the Plaintiffs and the members of the New Jersey Class are entitled to recover from Defendant their unpaid wages (including

9

overtime wages) and reasonable attorneys' fees and costs of the action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

a. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Asserted Class. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

b. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

c. Unpaid overtime pay, liquidated damages, and penalties as permitted by law pursuant to the state law claims;

d. Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful under appropriate state law;

e. Pre-judgment interest and post-judgment interest as provided by law;

f. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

g. Attorneys' fees and costs of the action;

h. Such other injunctive and equitable relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: February 21, 2014          Respectfully submitted,

                                             /s Andrew I. Glenn
                                             Andrew I. Glenn
                                             E-mail: AGlenn@JaffeGlenn.com
                                             New Jersey Bar No.: 026491992
                                             Jodi J. Jaffe
                                             E-mail: JJaffe@JaffeGlenn.com
                                             New Jersey Bar No.: 022351993
                                             **JAFFE GLENN LAW GROUP, P.A.**
                                             Building 2, Suite 220
                                             168 Franklin Corner Road
                                             Lawrenceville, NJ 08648
                                             Telephone: (201) 687-9977
                                             Facsimile: (201) 595-0308
                                             *Attorneys for Plaintiffs*