**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DWAYNE DAVIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ESSEX COUNTY, <br><br> Defendant. | Civil Action No.: 14-cv-1122 (CCC-JBC) <br><br> **OPINION** |

**CECCHI, District Judge.**

**I.     INTRODUCTION**

This matter comes before the Court upon the Joint Motion of Plaintiffs Dwayne Davis ("Davis"), Jeda Austin ("Austin"), and the additional opt-in Plaintiffs (collectively, "Plaintiffs") and Defendant Essex County ("Defendant") to approve the parties' settlement. ECF No. 87. The Court did not hear oral argument pursuant to Federal Rule of Civil Procedure 78. Based on the reasons that follow, the motion is granted.

**II.    BACKGROUND**

On February 21, 2014, Plaintiffs Davis and Austin brought the instant action against Defendant, as a collective action on behalf of themselves and others similarly situated, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and for violations of the analogous state statute, the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56a, et seq. See generally Compl., ECF No. 1. The Complaint alleges that the Defendant willfully violated the FLSA and NJWHL by failing to pay Plaintiffs and other similarly situated employees—current or former non-exempt Corrections Officers employed by Defendant on or after February 11, 2011 at the Essex County Juvenile Detention Center ("Juvenile Detention

1

Center")—for all of their overtime hours worked. Id. ¶¶ 23, 34. Following the filing of the Complaint, sixty additional Plaintiffs consented to join the action. See ECF Nos. 5-25, 27-47, 49, 51-61, 63-66, 68-69.

Despite "vigorously disput[ing]" Plaintiffs' claims, Defendant expressed interest in resolving the claims of Plaintiffs Davis and Austin, as well as the claims of what the parties determined were approximately 158 additional affected class members. Memorandum of Law in Support of Joint Motion for Approval of FLSA Settlement, and for Dismissal with Prejudice ("Settlement Approval Br."), ECF No. 87 at 8. Following discovery of time and compensation records for sampled Plaintiffs, as well as extrapolation from those records to determine the amount of compensation allegedly owed to Plaintiffs based on their applicable hourly rates, and two settlement conferences before Magistrate Judge James B. Clark, III, the parties reached an agreement to settle the matter for a negotiated payment of unpaid wages, liquidated damages, attorneys' fees and costs. Id.

On September 18, 2015, the parties jointly moved for approval of the settlement agreement. ECF No. 87. Following the Court's approval of the proposed settlement agreement, the parties ask the Court to dismiss this action with prejudice, but reserve jurisdiction to enforce the terms of the settlement agreement. Settlement Approval Br. at 5.

### III. LEGAL STANDARD

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." Davis v. Abington Mem'l Hosp., 765 F.3d 236, 241 (3d Cir. 2014) (quoting Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1527 (2013)). If employers violate the FLSA's minimum wage and overtime provisions, codified at 29 U.S.C. §§ 206 and 207, respectively, employers may be liable to affected employees "in the amount of their unpaid

minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." Id. (citing 29 U.S.C. § 216(b)). Employees may bring FLSA claims as collective actions on behalf of themselves and others similarly situated, but unlike a class action under Federal Rule of Civil Procedure 23, plaintiffs in FLSA collective actions must opt-in, or consent in writing filed with the court, to be a party to the action and to be bound by the judgment. 29 U.S.C. § 216(b); see also Bredbenner v. Liberty Travel, Inc., Nos. 09-905, 09-1248 and 09-4587, 2011 WL 1344745, at *18 (D.N.J. Apr. 8, 2011) (citing Lusardi v. Lechner, 855 F.2d 1062, 1070 (3d Cir. 1988)).

District courts in the Third Circuit have held that FLSA claims can be settled in two ways: (1) with the Department of Labor supervising the payment of unpaid minimum wages or overtime compensation pursuant to 29 U.S.C. § 216(c); or (2) with the district court's approval of a settlement under 29 U.S.C. § 216(b). See Bredbenner, 2011 WL 1344745, at *18 (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also Bettger v. Crossmark, Inc., No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015); Brumley v. Camin Cargo Control, Inc., Nos. 08-1798, 10-2461 and 09-6128, 2012 WL 1019337, at *1 (D.N.J. Mar. 26, 2012). As to the requirements for settlement approval, district courts in the Third Circuit have held that the court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" Brumley, 2012 WL 1019337, at *2 (quoting Lynn's Food, 679 F.2d at 1354); see also In re Chickie's & Pete's Wage & Hour Litig., No. 12-6820, 2014 WL 911718, at *2 (E.D. Pa. Mar. 7, 2014); Cuttic v. Crozer-Chester Med. Ctr., 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012); Bredbenner, 2011 WL 1344745, at *18.

A proposed settlement resolves a "bona fide dispute" when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually

in dispute," rather than "a mere waiver of statutory rights brought about by an employer's overreaching." Chickie's, 2014 WL 911718, at *2 (quoting Lynn's Food, 679 F.2d at 1354). In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA. See Singleton v. First Student Mgmt. LLC, No. 13-1744, 2014 WL 3865853, at *8 (D.N.J. Aug. 6, 2014); Chickie's, 2014 WL 911718, at *2; Brumley, 2012 WL 1019337, at *4.

Thus, in determining whether to approve a settlement for FLSA claims, a court must engage in a three-part analysis. First, the court must determine the settlement concerns a bona fide dispute. Second, the court must determine the settlement is fair and reasonable to the Plaintiff-employee. And, third, the court must determine the agreement does not frustrate the implementation of the FLSA in the workplace.

## IV. DISCUSSION

The parties argue the Court should approve the settlement of Plaintiffs' FLSA claims as a fair and reasonable resolution of a bona fide dispute because: (1) numerous disputed issues exist; (2) there is no evidence of fraud or collusion behind the parties' settlement; and (3) the complexity, expense, and likely duration of the litigation, as well as the probability of success on the merits, weigh in favor of a finding the settlement is reasonable. Settlement Approval Br. 13-17.[1]

---

[1] The parties have not requested approval of the settlement as it pertains to their state law claims under the NJWHL, as court approval of a settlement of those state law claims is not required. See Weismantle v. Jali, No. 13-1087, 2015 WL 1866190, at *1 (W.D. Pa. Apr. 23, 2015) (noting that although parties seek approval of the settlement of FLSA claims, their parallel state law claims "do not appear to require any sort of Court approval to be lawfully settled"); McGee v. Ann's Choice, Inc., No. 12-2664, 2014 WL 2514582, at *1 (E.D. Pa. June 4, 2014) (evaluating fairness of settlement as to FLSA claim only, noting that "the parties have agreed to settle the individual state law claims of the opt-in Plaintiffs," and that "[t]he Court will therefore focus on the FLSA claim").

4

The parties also ask the Court to approve their proposed method for disbursement of the settlement funds, the request for service payments for the lead Plaintiffs, Davis and Austin, and the attorneys' fees and costs. Id. at 17-21.

The settlement provides for a total payment of $300,000, which includes $61,000 in attorneys' fees and costs. Settlement Approval Br. 8. This payment includes the alleged unpaid wages claimed by "Class Members," which includes the opt-in Plaintiffs currently party to the suit and additional potential opt-in plaintiffs identified by the parties in the course of their settlement negotiations. The settlement payment also includes liquidated damages and service payments to Davis and Austin. Id. at 8-9.

## A.    Final Class Certification Under the FLSA

Because the parties ask the Court to approve a settlement agreement that resolves collective action claims under the FLSA, the Court must certify the FLSA class before addressing the terms of the settlement. See Bredbenner, 2011 WL 1344745, at *16; Burkholder v. Fort Wayne, 750 F. Supp. 2d 990, 993-94 (N.D. Ind. 2010) (collecting cases).

To certify a case as a collective action under the FLSA, the Court must determine that employees in the class are "similarly situated," within the meaning of § 16(b) of the Act. See Sperling v. Hoffman-La Roche, Inc., 862 F.2d 439, 444 (3d Cir. 1888), aff'd, 492 U.S. 165 (1989). Courts in this district generally use the factors enunciated in Lusardi v. Xerox Corporation, 118 F.R.D. 351 (D.N.J. 1987), to make this determination. See, e.g., Aquilino v. Home Depot, U.S.A., Inc., No. 04-4100, 2011 WL 564039, at *5 (D.N.J. Feb. 15, 2011); Zavala v. Wal-Mart Stores, Inc., No. 03-5309, 2010 WL 2652510, at *2 (D.N.J. June 25, 2010). They include: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to [defendants] which appear to be individual to each plaintiff; [and] (3) fairness and

5

procedural considerations." Lusardi, 118 F.R.D. at 359, vacated in part sub. nom., Lusardi v. Lechner, 855 F.2d 1062 (3d Cir. 1988). This list is neither exhaustive nor mandatory to grant certification. See Ruehl v. Viacom, Inc., 500 F.3d 375, 388 n.17 (3d Cir. 2007).

Because the putative class members are similarly situated within the meaning of § 16(b), the Court certifies the FLSA class. First, the factual circumstances underlying the claims of each putative class member are very similar, not disparate. Each held the same job, worked overtime during the relevant class period, and each claims the same relief under the FLSA. The class as a whole is therefore "similarly situated" to the class representatives, Davis and Austin. Second, there does not appear to be individualized defenses that would interfere with final certification. Finally, as discussed below, the settlement is fair.

### B. Settlement Provisions

The Court approves the settlement terms because the compromise reached (1) resolves a bona fide dispute over FLSA provisions, (2) is fair and reasonable to Plaintiffs, and (3) does not frustrate the implementation of the FLSA.

There is a bona fide dispute between the parties. First, the parties dispute whether Plaintiffs intentionally underreported their hours or Defendant intentionally shorted their hours to avoid paying them overtime compensation. Id. at 14. Defendants allege Plaintiffs intentionally underreported their hours and, in turn, received bonuses to which they were not entitled. Id. Thus, Defendants contend because they acted in good faith, Plaintiffs are not entitled to liquidated damages. Id. And, second, the parties dispute whether Defendants' conduct was willful. Id. If Defendants conduct was not willful, a two-year—rather than three-year—statute of limitations applies to Plaintiffs' claims and, therefore, some of the Class Members would be barred entirely from recovery. Id. at 14-15. For these reasons, there is a bona fide dispute between the parties.

Second, the settlement terms are fair and reasonable to Plaintiffs. It appears that Plaintiffs are being fully compensated for their alleged overtime hours and are receiving an equivalent sum in liquidated damages. Id. at 16-17. Therefore, Plaintiffs are recovering all unpaid wages under the FLSA that they would have had they proceeded to trial. Id. at 17. Thus, the settlement agreement is fair and reasonable.

Third, the settlement agreement does not frustrate the purposes of the FLSA. Defendants contend Plaintiffs could have and should have submitted time for the alleged overtime worked, there was a policy in place for Plaintiffs to submit the overtime being claimed in this matter, and some of the Plaintiffs availed themselves of the overtime policy and procedure and did receive overtime claimed in this matter consistent with policy and procedure. Id. at 16. Defendant argues that Class Members were paid, or did not deserve to be paid, because there was a policy and procedure in place for the Plaintiffs to obtain overtime. The complexity of the issues presented suggest further litigation will be exceedingly time-consuming and costly. As discussed above, there is a bona fide dispute between the parties and the compromise reached at arms' length is fair and reasonable. Thus, resolution of these claims through settlement resolves a bona fide dispute without violation of the purposes of the FLSA.

### C. Proposed Method for Disbursement, Request for Service Payments, and Request for Attorneys' Fees and Costs

The Court also approves the parties' proposed method for disbursement of the settlement funds, the request for service payments for the lead Plaintiffs, Davis and Austin, and the request for attorneys' fees and costs.

First, with respect to the proposed method for disbursement of the settlement funds, the

Court finds the proposed notice[2] is appropriate because it describes the terms of the settlement, including the method of calculating the damages, the amount to which Class Members are entitled, the opt-in process, the scope of the release, and the payment of attorneys' fees and costs. See Morris v. Affinity Health Plan, Inc., No. 09 Civ. 1932, 2011 WL 6288035, at *3 (S.D.N.Y. Dec. 15, 2011) ("The Proposed Notice is appropriate because it describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing."); In re Janney Montgomery Scott LLC Fin. Consultant Litig., No. 06-CV-3202, 2009 U.S. Dist. LEXIS 60790, at *20-22 (E.D. Pa. July 16, 2009) (analyzing fairness of settlement of hybrid Rule 23 class action and FLSA collective action under class action criteria and approving settlement including mailed notice).

Second, with respect to the request for approval of service payments for the lead Plaintiffs, the Court finds that the lead Plaintiffs—Davis and Austin—deserve a service award. The lead Plaintiffs agreed to bring this action in their names, they expended time and effort to assist in the preparation of the Complaint, provided Plaintiffs' counsel with relevant information, and assisted counsel in the investigation of the claims at issue, and the finalization of this settlement. In addition, the amount of the requested service award is reasonable and consistent with awards given in class and collective actions. See In re Wells Fargo Loan Processor Overtime Pay Litig., MDL No. 07-1841, 2011 WL 3352460, at *11 (N.D. Cal. Aug. 2, 2011) (approving incentive awards of $1,000 each for six opt-in plaintiffs).

Finally, the Court approves Plaintiffs' counsel's request for attorneys' fees and costs in the amount of $61,000. See Brumley, 2012 WL 1018337, at *9 ("Plaintiffs' counsel are entitled to reasonable attorneys' fees to compensate them for their work in recovering unpaid wages on behalf

---

[2] See Consent to Join and Release, ECF No. 87-3.

of a class under the FLSA." (citing 29 U.S.C. § 216(b))). "[T]he percentage-of-recovery method has been accepted as an established approach to evaluating the award of attorneys' fees in the Third Circuit." Brumley, 2012 WL 1019337, at *9. Fee awards have ranged from 19 percent to 45 percent of the settlement fund. Chickie's, 2014 WL 911718, at *4; see also Brumley, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees around 30 percent of settlement funds were found reasonable). Counsel's request for $61,000 in attorneys' fees and costs represents approximately 20 percent of the total settlement amount and, thus, falls within the range of reasonable allocations in the context of awards granted in other, similar cases. Settlement Approval Br. at 20-21; see also Brumley, 2012 WL 1019337, at *12. Further, a lodestar cross-check supports counsels' fee request because counsel has spent approximately 248 attorney, paralegal, and support staff hours prosecuting this case, amounting to a lodestar calculated by counsel of approximately $72,612.50. Id. This rate exceeds counsel's request for $61,000, and does not include expenses counsel will incur to administer the settlement. Accordingly, the Court finds that the $61,000 award of attorneys' fees and costs is not excessive and therefore approves the request for attorneys' fees and costs.

## V. CONCLUSION

For the reasons above, the Court (a) certifies the FLSA class for purposes of this settlement; (b) approves the proposed settlement agreement in its entirety; (c) awards class counsel the attorneys' fees and costs requested; (d) awards the service payments requested; and (e) dismisses this action with prejudice, while retaining jurisdiction as needed to effectuate the terms of the settlement agreement. An appropriate Order accompanies this Opinion.

DATED: December 1, 2015

_____
CLAIRE C. CECCHI, U.S.D.J.